DAWSON NATIONAL BANK *v.* SHIELDS *et al.*

No. 8407.   FEBRUARY 13, 1932.

*H. A. Wilkinson* and *H. A. Wilkinson Jr.,* for plaintiff.

*M. C. Edwards* and *W. H. Gurr,* for defendants.

BECK, P. J. (After stating the foregoing facts.)

■ This court is of the opinion that the trial court properly overruled the demurrer to the answer of Mrs. Shields. In its petition the plaintiff set forth specifically the facts upon which it based its claim to the equitable relief prayed for. Each and all of these facts were specifically denied; and in addition to this specific denial, certain other facts were alleged in the answer. If discovery had been sought, a fuller statement of the sources from which Mrs. Shields came into possession of the money and funds which she claims, and greater details as to the amounts of those funds, might have been required. But in view of the character of the petition itself, the extent of its allegations, and the specific denial of those facts, the answer was sufficient; and it was not error to overrule the demurrers.

■ In the first ground of the amendment to the motion for a new trial error is assigned upon the ruling of the court rejecting certain testimony of B. C. Perry, a witness for the plaintiff, who testified in part as follows: "These two statements identified by J. C. Hollingsworth were rendered to the Dawson National Bank as a basis of credit for Shields & Hollingsworth. Credit was extended to them on the basis of this statement." "This statement is signed Shields & Hollingsworth, which is a statement of their financial affairs on the first day of January, 1928, which statement was made to the bank for a basis of credit." This testimony was objected to on the ground that "any statement by Mr. Shields would not be binding on Mrs. Shields." The court properly rejected the statements made by the witness as to the sayings and statements of J. A. Shields, as these statements made by J. A. Shields were not binding upon Mrs. Shields in the absence of proof that J. A. Shields, her husband, was acting as her agent in this matter, or that the statements were made in her presence.

■ In the second, third, and fourth special grounds of the motion for new trial error is assigned upon the following charges of the court:

"Mrs. Marie C. Shields [Mrs. J. A. Shields] comes in and files her answer and denies that the deed made to her by her husband was made to hinder, delay, and defraud creditors, and de-

nies that it was a voluntary conveyance, but sets up and says it was a bona fide and fair conveyance, one to secure her for money she had let her husband have."

"A debtor may prefer one creditor to another, and to that end he may bona fide give a lien by mortgage or other legal means, or he may sell in payment of the debt, or he may transfer negotiable papers as collateral security, the surplus in such cases not to be reserved for his own benefit, or for any other favored creditor to the exclusion of other creditors. Now, applying that principle of law to the case you are trying, if you should believe that J. A. Shields owed the plaintiff and other parties and bona fide owed his wife for money she had let him have, and that he made her a bona fide deed for a valuable consideration he had obtained from her, then under the law he had a right to do it; and if under all of the evidence and circumstances of the case you should come to the conclusion that that was the fact, it would be your duty to find in favor of Mrs. Shields, and that would mean in favor of the deed she held. But if you believe that it was a fraudulent transaction, you would find against the deed, and that would mean you find against Mrs. Shields."

"Well, if it was a voluntary conveyance, if J. A. Shields was insolvent at the time and he made the conveyance to his wife, that is without consideration, it would be void in law. But if a man is insolvent, unable to pay all of his debts, and he owes different parties debts, under the law he has a right to prefer one creditor to another and give that creditor a lien or conveyance in settlement of a bona fide debt. If Mrs. Shields knew that her husband, Mr. J. A. Shields, was insolvent at the time of the making of the deed and knew also that the deed was given for the purpose of delaying, hindering, defrauding his creditors in the collection of their debts, and without a valuable consideration, then the deed would be void. But if the wife knew that her husband was in debt and unable to pay all of his debts, and if J. A. Shields owed his wife a bona fide debt and the deed made to her to secure her for money he actually owed, in the way of a preference, it would be a good deed. Now the court tells you, whether she knew it or not, or whether the deed was made for the purpose of delaying and hindering the creditors of J. A. Shields, that it is a jury question for the jury to pass upon."

These charges are here set forth in the order in which they are stated in the three grounds of the motion referred to. In the 6th and 7th grounds error is assigned because the court did not charge on the question of fraud, or cover the contentions specified, and that there were other omissions to charge.

There was no error in the charges excepted to. If there were inaccuracies, they were not of such a character as to afford ground of complaint to the movant. Taking the charges excepted to in connection with the entire charge, it will be readily seen that the real, substantial issues in this case were submitted to the jury. And the same ruling can be applied to the assignments of error upon the court's omission to charge. The essential issues in the case upon which the court was required by law to charge are comparatively simple, and the jury could not be mistaken as to those issues under the charge as given. In the petition it was alleged that J. A. Shields while insolvent conveyed to his wife, Marie C. Shields, certain real estate; that said deed was a voluntary conveyance made by the husband to the wife while and when he was insolvent; that the deed was made with the intent to delay and defraud creditors, which intention was known to the wife; that the transaction was not based on a present valuable consideration. This sums up every one of the material contentions of the plaintiff. These were denied by the wife in her answer; and those allegations and her answer made the issues involved in this case, and those issues were covered by the charge.

There was sufficient evidence to authorize the verdict.

*Judgment affirmed. All the Justices concur.*